10971

KILPATRICK v. MORRIS & CO.

(113 S. E. 274)

APPEAL AND ERROR—EXCEPTION FAILING TO SPECIFY PORTION OF A CHARGE ASSIGNED AS ERRONEOUS CANNOT BE SUSTAINED.—In personal injury action, exception that verdict for plaintiff was contrary to charge of Judge on matter of negligence and contributory negligence, and on the right of defendant to rely on the intervention of a sudden emergency, over which defendant's agent had no control, and which might excuse his action in the matter as disclosed by the testimony, failed to specify the particular portion of the charge intended to be assigned as erroneous, and cannot be sustained.

Before TOWNSEND, J., Charleston, October, 1921. Affirmed.

Action by Sidney Kilpatrick against Morris & Co. Judgment for plaintiff and defendant appeals.

After formal allegations the complaint alleges:

"(3) That on or about the 26th day of November, 1919, and at or about the hour of 6 p. m., the above-named minor, Sidney Kilpatrick, was lawfully traveling up Meeting street, one of the public streets of the city of Charleston, on a bicycle, and when almost opposite the north line of said Society street, and beyond the center line of said Society street, a large motor truck, owned, managed, and operated by said defendant, its agents and servants, suddenly and without warning, going at a high and dangerous

rate of speed, and a rate of speed in excess of that provided by the statute law of South Carolina and the ordinances of the city of Charleston, turned suddenly to the left into Society street, in violation of the ordinances of the said city of Charleston, and ran down and upon said Sidney Kilpatrick, throwing him from his bicycle with great force and violence to the street, breaking his right arm, fearfully shocking and injuring his physical and mental system, and permanently injuring him.

"(4) That the injuries to said Sidney Kilpatrick were caused by the negligence, carelessness, recklessness, and wantonness of said defendant, its agents and servants, in the following particulars, to wit: (a) In failing to give any notice or warning that said automobile truck was about to turn into said Society street. (b) In causing and allowing said motor truck to proceed at a high and dangerous rate of speed, and a speed in excess of that provided by the statute law of South Carolina and the ordinances of the city of Charleston. (c) In causing and allowing said motor truck to turn into said Society street to the left of the center line of said street, in violation of the ordinances of the city of Charleston. (d) In causing and allowing said motor truck to come into collision with the said Sidney Kilpatrick, without taking care and precaution to avoid such collision.

"(5) That by reason of the negligence, carelessness, recklessness, and wantonness of said defendant corporation, its agents and servants, as above set forth, the said Sidney Kilpatrick had his right arm broken, suffered a fearful and terrific mental shock, was confined in the hospital and at home for a long period of time, incurred expenses in attempting to cure himself, was seriously and permanently injured, prevented from attending to his usual daily avocations, and was otherwise hurt, to his damage fifteen thousand ($15,000.00) dollars."

For the purposes of the appeal the following exceptions are taken:

"(1)  Because the presiding Judge erred in refusing to direct a verdict for the defendant made on the ground that the evidence shows that the driver of the truck, in turning the corner, acted upon a sudden emergency which made him turn to the left away from the direction prescribed by the city ordinance, and that the only inference from the evidence is that the accident occurred because the defendant's driver acting in such sudden emergency to save himself came upon the side of the street upon which the boy was at the time.

"(2)  Because the presiding Judge erred in refusing to grant a new trial made upon the following grounds: First, because the verdict was contrary to the manifest evidence; second, because the only reasonable inference from the entire evidence was that the defendant's driver acted upon a sudden emergency brought upon him by no fault of negligence of his own, and that the probable cause of the injury was not therefore the negligence of the defendant, but the emergency which required such action on his part; third, because the verdict was contrary to the charge of the Judge upon the matter of negligence and that of contributory negligence as defined by him, and upon the right of the defendant to rely upon the intervention of a sudden emergency over which the defendant's agent had no control, and which might excuse his action in the matter as disclosed by the testimony."

*Messrs. Rutledge, Hyde & Mann* and *Lionel K. Legge,* for appellant, cite: *Test of negligence by one in sudden peril*: 91 S. C. 201; 100 S. C. 435; 108 S. C. 254; 96 Atl. 261; 51 S. E. 731; 69 S. E. 949; 109 S. C. 78.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for respondent, cite: *Emergency is question for the jury*: 101

S. C. 414; 115 S. C. 267. *As to new trial*: 100 S. C. 38; 93 S. C. 357; 93 S. C. 295.

July 25, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence and recklessness of the defendant, in the manner alleged in the complaint, which, omitting the formal parts thereof, will be reported. The answer of the defendant, after admitting the formal allegations of the complaint, was a general denial.

There was testimony tending to sustain the allegations of the complaint. The jury rendered a verdict in favor of the plaintiff for $10,000 actual damages, whereupon the defendant made a motion for a new trial, which was refused. The defendant appealed upon exceptions, which will be reported.

The first and second exceptions are overruled, for the reason that the finding of the jury was a reasonable inference from the testimony.

The third exception cannot be sustained, for the reason that it fails to specify the particular portion of the charge which is intended to be assigned as erroneous, and for the further reason that, waiving such objection, the appellant has failed to satisfy this Court that there was error in the charge.

Affirmed.